IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 4:00CR3013 |
| V. | ) | |
| MARK D. NELSON, | ) | ORDER |
| Defendant. | ) | |

Among other things, counsel were directed to advise me when the Court of Appeals (or, implicitly, the Supreme Court) determined whether the *Johnson* decision applied to a challenge to the "residual clause" of U.S.S.G. § 4B1.2(a)(2). (Filing no. 92.) Apparently, the lawyers overlooked this matter and so did I.

On March 6, 2017, the United States Supreme Court decided *Beckles v. United States*, 137 S.Ct. 886 (2017). In that case the Supreme Court held that: "Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 897. As a result, I intend to dismiss the pending § 2255 motion (filing no. 90) with prejudice unless defense counsel can convince me otherwise.

IT IS ORDERED that counsel for Mr. Nelson is given until the close of business on October 12, 2017, to show sufficient cause why the motion (filing no. 90) should not be dismissed with prejudice.

DATED this 3rd day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge